I concur in the main opinion, and I write specially to address two additional points of concern: 1) Rule 609, Ala. R. Evid., clearly prevented the prosecutor from asking Sparks if he had been previously convicted of misdemeanor DUI. The prosecutor either knew or should have known that Sparks's previous DUI conviction was a misdemeanor. 2) The improper question inquired into whether Sparks had been convicted of the very same offense for which he was being tried.
I recognize that trial judges commonly cure improper prejudicial questions in the same manner the capable trial judge employed in this case, that is, by a query to the jurors, or a colloquy with them, to determine if they can disregard the improper evidence during their deliberations. By concurring in this case, I am not adopting the position that this procedure is no longer a proper means for addressing this problem. However, because, under the facts of this case, the question was so prejudicial, I agree that Sparks is entitled to a new trial.